1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAMIE E. CANADA,                        No.  2:15-cv-2259 KJN P (TEMP)

12                    Plaintiff,

13          v.                                ORDER AND

14    SOLANO STATE PRISON WARDEN et           FINDINGS AND RECOMMENDATIONS
      al.,
15
                      Defendants.
16

17

18          Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

19    § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

20    proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21          For the reasons stated herein, the undersigned recommends dismissal of this action.

22                            **SCREENING REQUIREMENT**

23          The court is required to screen complaints brought by prisoners seeking relief against a

24    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

25    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

26    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

27    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

28    U.S.C. § 1915A(b)(1) & (2).

                                              1

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

9  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

12  However, in order to survive dismissal for failure to state a claim a complaint must contain more

13  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

14  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

15  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

16  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

17  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

18  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19  The Civil Rights Act under which this action was filed provides as follows:

20  Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the
21  deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at
22  law, suit in equity, or other proper proceeding for redress.

23  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

24  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

25  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

26  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

27  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

28  /////

2

1  omits to perform an act which he is legally required to do that causes the deprivation of which

2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

4  their employees under a theory of respondeat superior and, therefore, when a named defendant

5  holds a supervisorial position, the causal link between him and the claimed constitutional

6  violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

7  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations

8  concerning the involvement of official personnel in civil rights violations are not sufficient. See

9  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10                          **PLAINTIFF'S COMPLAINT**

11        In his complaint, plaintiff has identified the Warden and an unspecified Correctional

12  Counselor at California State Prison, Solano, as the defendants in this action. Plaintiff alleges

13  that, at some point between 1999-2000, the defendant Correctional Counselor opened plaintiff's

14  "legal mail" outside of his presence. According to plaintiff, his wife sent him the mail, and it

15  contained their divorce papers, which the Correctional Counselor told him to sign. In terms of

16  relief in this civil rights action, plaintiff requests monetary damages. (Compl. at 3 & Attachs.)

17                              **DISCUSSION**

18        The undersigned recommends dismissal of this action. As an initial matter, this action is

19  barred by the applicable statute of limitations. Section 1983 does not contain a specific statute of

20  limitations, so federal courts apply the forum state's statute of limitations for personal injury

21  actions. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado v. Harris, 370 F.3d

22  945, 954 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003,

23  California's statute of limitations for personal injury actions was one year. See Jones, 393 F.3d at

24  927. Effective January 1, 2003, in California that limitations became two years. See id.; Cal.

25  Civ. P. Code § 335.1. Federal courts also apply the forum state's laws with respect to tolling of

26  the statute of limitations insofar as state law is not inconsistent with federal law. Jones, 393 F.3d

27  at 297. Under California law, the statute of limitations is tolled for up to two years where the

28  cause of action accrues while the plaintiff is in prison. See Cal. Civ. P. Code § 352.1.

1        In this case, plaintiff acknowledges that any violation of his constitutional rights took

2  place at some point between 1999-2000.  (Compl. at 3.)  Plaintiff did not commence this action

3  until October 2015, well after the statute of limitations for filing a civil rights action had expired.

4  Accordingly, plaintiff's complaint is time-barred.

5        Moreover, even when liberally construed, plaintiff's complaint fails to state a cognizable

6  claim for relief.  Generally speaking, prisoners enjoy a First Amendment right to send and receive

7  mail.  See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490

8  U.S. 401, 407 (1989)).  However, an isolated instance or occasional opening of legal mail outside

9  the inmate's presence does not rise to the level of a constitutional violation.  See Stevenson v.

10  Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989); see also Smith v. Maschner, 899 F.2d 940, 944

11  (10th Cir. 1990) (isolated incidents of mail interference without any evidence of improper motive

12  or resulting interference with the right to counsel or access to the courts do not give rise to a

13  constitutional violation).  "Legal mail" in the context of the First Amendment applies to

14  correspondence between a prisoner and his attorney.  See Wolff v. McDonnell, 418 U.S. 539,

15  575-76 (1974); Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) ("Mail from the courts, as

16  contrasted to mail from a prisoner's lawyer, is not legal mail.").

17        Here, plaintiff alleges that the defendant Correctional Counselor opened his mail on a

18  single occasion.  (Compl. at 3.)  In addition, plaintiff acknowledges that the mail at issue was

19  from his wife and not from his attorney.  (Id.)  Accordingly, plaintiff has not alleged a

20  constitutional violation of his First Amendment rights.

21        Where, as here, it is clear that the complaint suffers from pleading deficiencies that cannot

22  be cured by amendment, dismissal without leave to amend is appropriate.  See Chaset v.

23  Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation

24  by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot

25  be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002)

26  ("Because any amendment would be futile, there was no need to prolong the litigation by

27  permitting further amendment.").

28  /////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied; and

2.  Plaintiff's complaint be dismissed as time-barred and for failure to state a cognizable claim for relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 28, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cana2259.56